Glenn R. Kantor – SBN 122643
E-mail: gkantor@kantorlaw.net
Alan E. Kassan – SBN 113864
E-mail: akassan@kantorlaw.net
Mitchell O. Hefter – SBN 291985
E-mail: mhefter@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
MARK QUINTAL

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK QUINTAL,<br><br>Plaintiff,<br><br>vs.<br><br>CONSECO LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mark Quintal ("Quintal") herein sets forth the allegations of his Complaint against Defendant Conseco Life Insurance Company.

## PRELIMINARY ALLEGATIONS

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

Plaintiff is informed and believes that Defendant Conseco Life Insurance Company (hereinafter "Conseco") is a corporation incorporated in and with its principal place of business in the State of Indiana, authorized to transact and

transacting business in the Central District of California and can be found in the Central District of California.

Plaintiff Mark Quintal is a resident and citizen of Los Angeles County, California.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT CONSECO LIFE INSURANCE COMPANY FOR BREACH OF CONTRACT**

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. At all times relevant, Kathryn Sward was an individual residing within the State of California. In or before 2010, she purchased from Conseco Life Insurance Company a life insurance policy which provided a $150,000 death benefit, Policy Number 1090272900. At the time of issuance of the policy, she made her then husband, James Sward, the primary beneficiary of the life benefits payable upon her death. She designated her son, Mark Quintal, and her two step-sons, Jimmie and Michael Sward, as contingent beneficiaries

3. James Sward died on August 10, 2014. Conseco also insured James Sward's life, and upon his passing, it was provided a copy of his death certificate, and paid the death benefits due upon his passing.

4. In June 2016, Kathryn Sward, not having had contact with either of her step-sons for a number of years, made the decision to change the beneficiary designation for her life coverage with Conseco, naming only her son, Mark Quintal, as the beneficiary. To effectuate the change, she contacted Conseco to seek assistance with the change of beneficiary process. She was advised by a Conseco representative that change of beneficiary forms could be downloaded from the Company website.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

5. In June 2016, Kathryn Sward downloaded the Conseco change of beneficiary forms. On June 10, 2016, while in the hospital being treated for end stage lung cancer, and in the presence of a notary public, Kathryn Sward completed the change of beneficiary form. A California Notary Public verified that Kathryn had executed the forms in her presence on June 10, 2016.

6. Because she was hospitalized, she was unable to immediately mail in the forms. On June 12, 2016, Kathryn Sward died. Immediately thereafter, Mark Quintal mailed in the executed change of beneficiary form to Conseco Life.

7. Since June 2016, Plaintiff Mark Quintal has attempted to receive the life benefits to which he is entitled from Conseco Life. In December 2017, while Conseco Life paid Mark Quintal one-third of the proceeds of the subject policy, it has refused to pay to him the remaining two thirds of the policy benefits, and it has not taken any steps to interplead the funds.

8. The Plaintiff has appealed the failure of Conseco Life to pay the benefits, and sought the assistance of the California Department of Insurance regarding the failure of Conseco Life to pay the benefits. To date, Conseco Life has neither paid the benefits, nor communicated with Mark Quintal regarding its intent as to the remaining life insurance proceeds.

9. As a direct and proximate result of Conseco Life's improper determination regarding Plaintiff's entitlement to the disputed life insurance benefits, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

10. Conseco Life's conduct constitutes a breach of the insurance contract between Conseco Life and the Plaintiff in his capacity as a third-party beneficiary of the contract between Kathryn Sward and Conseco Life. As a direct and proximate result of Conseco Life's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to

be determined according to proof at the time of trial, but in excess of the jurisdictional minimum amount required by this Court for an action predicated on diversity jurisdiction.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
**CONSECO LIFE INSURANCE COMPANY**
**FOR BREACH OF THE IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**

11. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

12. Conseco Life has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when Conseco Life knew Plaintiff was entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiff's claim; and

(e) Unreasonably compelling Plaintiff to initiate litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing his full policy benefits.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

13. Plaintiff is informed and believes and thereon alleges that Conseco Life has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

14. As a proximate result of the aforementioned wrongful conduct of Conseco Life, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

15. As a further proximate result of the aforementioned wrongful conduct of Conseco Life, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

16. As a further proximate result of the aforementioned wrongful conduct of Conseco Life, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Conseco Life is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

17. Conseco Life's conduct described herein was intended by Conseco Life to cause injury to Plaintiff, was despicable conduct carried on by Conseco Life with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Conseco Life with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Conseco Life.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Conseco Life as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $75,000.00, including interest accrued;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

5. Costs of suit incurred herein; and

6. Such other and further relief as the Court deems just and proper.

DATED: May 10, 2016

KANTOR & KANTOR, LLP

By: /s/ *Glenn R. Kantor*
Glenn R. Kantor
Alan E. Kassan
Mitchell O. Hefter
Attorneys for Plaintiff,
MARK QUINTAL

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: May 10, 2016

KANTOR & KANTOR, LLP

By: /s/ *Glenn R. Kantor*
Glenn R. Kantor
Alan E. Kassan
Mitchell O. Hefter
Attorneys for Plaintiff,
MARK QUINTAL